**KEMPER v. MOTTER, Collector of Internal Revenue.**

District Court, D. Kansas, Second Division. December 31, 1927.

No. 917.

1. **Internal revenue ⬤⟶38(3)—Internal revenue collector, collecting taxes over protest and denying claim for refund, admitted all facts necessary to jurisdiction of action to recover amount.**

Internal revenue collector, collecting taxes over protest and denying claim for refund, admitted all facts necessary to jurisdiction of action to recover amount, transmission of telegraph messages taxed in connection with, and as necessary part of conduct of business of common carrier, of which plaintiff was receiver, and payment of amount stated and claimed by plaintiff.

2. **Internal revenue ⬤⟶II—Messages transmitted by telegraph company without charge in necessary operation of railway company's business held exempt from taxation (Revenue Act 1918, tit. 5, § 500 (g) (2); Comp. St. § 6309⅓a (g) (2).**

Messages transmitted by telegraph company in necessary operation of railway company's business, pursuant to written contract for free transmission of such messages in return for free transportation of telegraph company's employees on its business, and of materials and supplies for construction and maintenance of its lines, held exempt from taxation under Revenue Act 1918, tit. 5, § 500 (g) (2), Comp. St. § 6309⅓a (g) (2).

Action by W. T. Kemper, receiver of the Kansas City, Mexico & Orient Railroad Company, against H. H. Motter, Collector of Internal Revenue. Judgment for plaintiff.

E. A. Boyd, of Wichita, Kan., for plaintiff.

Al. F. Williams, U. S. Atty., and Alton H. Skinner, Asst. U. S. Atty., both of Topeka, Kan., for defendant.

POLLOCK, District Judge. [1] This is an action at law to recover an amount of taxes charged and collected from the plaintiff as receiver of the Kansas City, Mexico & Orient Railway Company during the period from March 20, 1920, to September 30, 1924. The amount so collected by the government is the sum of $2,409.50. These taxes were paid under protest, and claim for refund was duly filed and denied before action to recover brought. Hence defendant admits all facts necessary to the jurisdiction of this court and cause; also that the messages taxed were transmitted in connection with and as a necessary part of the conduct of the business of the common carrier railroad, of which the plaintiff was the operat-ing receiver; also that the amount paid as tax was the amount stated and claimed by the plaintiff. A jury to try the issue was duly waived, and the case stands submitted for decision on an agreed statement of facts, and on motion for judgment on the pleadings and agreed facts, which have been fully briefed and argued.

[2] The sole question presented for decision is this: Were the messages transmitted in this case taxable under the provisions of the Revenue Act of 1918 (title V, § 500, pars. (f) and (g), Comp. St. § 6309⅓a (f) (g), which read as follows:

"(f) *Telegraph, Telephone, Cable, or Radio Messages*—In the case of each telegraph, telephone, cable, or radio, dispatch, message, or conversation, which originates on or after such date within the United States, and for the transmission of which the charge is more than 14 cents and not more than 50 cents, a tax of 5 cents; and if the charge is more than 50 cents, a tax of 10 cents: Provided, that only one payment of such tax shall be required, notwithstanding the lines or stations of one or more persons are used for the transmission of such dispatch, message, or conversation; and

"(g) *Leased Telegraph or Telephone Wires*—A tax equivalent to 10 per centum of the amount paid after such date to any telegraph or telephone company for any leased wire or talking circuit special service furnished after such date. This subdivision shall not apply to the amount paid for so much of such service as is utilized (1) in the collection and dissemination of news through the public press, or (2) in the conduct, by a common carrier or telegraph or telephone company, of its business as such."

As the act of 1921 (42 Stat. 284) re-enacted these provisions without change of verbiage the same may not be requoted.

The messages taxed in this case were transmitted by the telegraph company in the necessary operation of the business of the railway company in pursuance of a written contract made and in effect between the railway company and the telegraph company. Under paragraph 7 of this contract it is provided, in substance, as follows: All the messages of the officers and agents of the railroad company, pertaining to the railroad business, were to be transmitted free by the railroad operators on the wires set apart for the railroad business. In the same paragraph the telegraph company agreed to transmit messages relating strictly to the railroad business over all the lines in the United States on franks furnished by the telegraph company.

These franks could only be used in the transaction of strictly railroad business.

Paragraph 8 provided substantially as follows: The railroad company agreed to transport free of charge over its railroad all persons in the employ of the telegraph company when traveling on the business of the telegraph company and to transport free of charge along its line all poles, wire, and other material and supplies for the construction, maintenance, operation, repair, and reconstruction of the lines and wires of the telegraph company, and also all material and supplies for the establishment, maintenance, and operation of the offices of each of the companies. In practice in this case there was no attempt at accounting between the parties to the contract, and no necessity for the same. The services performed for the telegraph company, no matter how great, were free services.

I am clearly of the opinion the messages transmitted in this case were transmitted for the railroad company, a common carrier, in the conduct of its business as such, and in exchange for services performed for the telegraph company in the conduct of its business, therefore exempt under clause 2 of the proviso to clause (g) of the Revenue Law above quoted.

But one case is called to my attention as applicable here, and that is Missouri Pac. R. R. Co. v. Hellmich (C. C. A.) 12 F.(2d) 978, reversed 273 U. S. 242, 47 S. Ct. 395, 71 L. Ed. 628. However, I am of the opinion the facts of this case and the one there presented are different. In that case, under the contract between the parties, it was essential that an accounting of the services rendered should be kept by both in order to make a settlement under its terms. In that case Mr. Chief Justice Taft, in delivering the opinion, says:

"Regulation No. 49, issued by the Internal Revenue Department to carry out this paragraph was as follows: 'If a telegraph or telephone line or lines along the line of any railroad company be necessary for the use of such railroad company in the conduct of the railroad company's business as such, and if the railroad company, under contract transports commodities necessary to maintain or operate such telegraph or telephone line or lines along the line of such railroad company, such commodities being intended to be, or having been so used, and the railroad company makes no charge for such transportation, the charges which, but for such arrangement, would have accrued upon such transportation are exempt from the tax.' "

It follows, in this case, under the peculiar facts of the case, and the contract between the parties involved, I am of the opinion the tax may be recovered.

It is so ordered.